511 So.2d 15 (1987)
Barbara YOUNG, Plaintiff-Appellee,
v.
STATE FARM FIRE & CASUALTY COMPANY, et al., Defendants-Appellants.
No. 86-593.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*16 Sutherland and Juge, Denis P. Juge, New Orleans, for defendants-appellants.
McHale, Bufkin and Dees, Louis D. Bufkin, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff-appellee, Barbara Young, brought suit for worker's compensation benefits against her employer, Lee-Dee Cigar & Candy Company, and its compensation carrier, State Farm Fire & Casualty Company. After evaluating the testimony, the trial court found that plaintiff had injured her back in a work-related accident which rendered her temporarily and totally disabled. Compensation was ordered in the *17 amount of $133.34 per week commencing as of December 19, 1984. Defendants were also ordered to pay past medical expenses totalling $14,919.03. Defendants appeal, specifying two errors: (1) that the trial court erred in finding that plaintiff sustained a work-related accident; and (2) that the trial court erred in failing to credit defendants for six weeks during which unemployment compensation benefits were received by plaintiff. Plaintiff answers the appeal requesting penalties and attorney's fees. We find no manifest error in the trial court's determination that plaintiff was injured as the result of a work-related accident. The trial court did err in ordering worker's compensation paid to plaintiff while she was receiving unemployment compensation. Plaintiff's request for penalties and attorney's fees is denied. We amend the judgment accordingly and affirm as amended.

A.
Plaintiff was employed by Lee-Dee Cigar and Candy as a warehouse worker. Her duties included unloading trucks, stamping cigarettes, and filling orders. While unloading a truck on December 18, 1984, plaintiff asserts that she strained her back. Intermittent pain followed the incident, but the pain progressed to an unbearable level by December 21st. Plaintiff testified at trial that she did not tell anyone about the injury on the 18th, but that on December 21st, she notified Lisa Smith, her supervisor, that she had to make an appointment to see a doctor about the pain. During cross examination, plaintiff said that she did not tell Lisa Smith anything. Plaintiff saw Dr. Comeaux the afternoon of the 21st. According to plaintiff, Dr. Comeaux advised her to rest in bed for two days then rest at home for the next three days. Plaintiff says that she was worried about missing work; so she called Mr. Hale, Ms. Smith's supervisor, to explain the injury. Plaintiff says that Mr. Hale gave his permission for her to miss work; however, when plaintiff arrived at work on December 27, Mr. Hale cashiered her for absenteeism.
Plaintiff applied for and received unemployment compensation benefits. The benefits were paid for six (6) weeks during which time plaintiff continued to see Dr. Comeaux. Plaintiff was referred to Dr. Bernauer,[1] an orthopaedic surgeon, who ordered x-rays, a myelogram, and a discogram. Plaintiff's back pain grew more severe and radiated to her right leg. In March of 1985, as a result of the tests, Dr. Bernauer diagnosed plaintiff's problem as a ruptured disc in the lumbar region. Dr. Bernauer recommended surgery. Plaintiff's fusion was performed in August of 1985 following heightened back and leg pain. Plaintiff contends that even after the surgery, it is difficult to walk without pain.
Plaintiff admitted that she was involved in an automobile accident on February 4, 1985, in which she suffered whiplash, i.e., injury to the upper back and neck. She was unable to say if the auto accident exacerbated her difficulties with the lower back.
On cross examination, defense counsel pointed out a discrepancy between the date of the accident given in plaintiff's petition, December 13th, and the date given during testimony, December 18th, 1984. Plaintiff could not account for the inconsistency. Plaintiff initially denied having a history of back pain, but recalled suffering from "costalchondritis" characterized by pain in the chest and upper back. Additionally, defense counsel referred to several notations in Dr. Comeaux's records indicating that plaintiff had had a history of back pain. Plaintiff also had a hard time remembering exactly when she told her supervisors about the injury; in any event, she was *18 certain that she notified Mr. Hale on December 21st, after having spoken to Dr. Comeaux.
Darrell Young, husband of plaintiff, testified as to plaintiff's disability and her difficulty in moving around the house. He noted plaintiff's problems began on the 17th or 18th of December.
Mr. Robert Hale, manager of Lee-Dee Cigar & Candy Company, testified that plaintiff had missed several days of work in December of 1984. He says he did not know the explanation for plaintiff's absences, but that plaintiff was "usually ... sick for whatever reason." He had no recall of plaintiff notifying him of a work-related injury; neither could he deny notification.
The appellate standard of review for worker's compensation cases is whether the trial court was manifestly erroneous in its findings. While procedural rules are to be liberally construed in favor of the worker's compensation claimant, the burden of persuasion remains on the claimant to prove his case by a preponderance of the evidence. Stone v. Louisiana Pacific Corporation, 484 So.2d 306, 308 (La.App. 3d Cir.1986). The evidence taken as a whole must show that it is more probable than not that a work-related accident occurred, and that it had a causal relationship to the claimant's disability.
This matter turns on the issue of credibilitynot because of competing witnesses' testimonybut because the claimant was the sole witness to her accident. The credibility assigned by the trier of fact to testimony in a worker's compensation proceeding is to be given great weight upon appellate review. The trier of fact, in this case the trial judge, is in the best position to assess the credibility of the witnesses. We will not disturb his reasonable evaluations of credibility and reasonable inferences of fact, even though other evaluations and inferences are as reasonable. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300, 301 (La. 1979).
In his written reasons for judgment, the trial court specifically noted that he believed plaintiff. On appeal, defendants assert that plaintiff's testimony did not clearly and convincingly show that a work-related accident occurred. The 1983 amendments to Louisiana's worker's compensation law did not change the burden of the claimant's proof for temporary total disability; the standard remains proof by a preponderance of the evidence. The testimony of the injured worker alone may establish the work-related accident where the testimony is consistent and corroborated by other credible evidence. Mathews v. Louisiana Health Service & Indemnity Company, 471 So.2d 1199, 1202 (La.App. 3d Cir.1985).
In this case, the trial court found that the claimant, Barbara Young, felt the initial strain on her back on December 18th, went to the doctor on the 21st, and notified her boss after being told to rest by Dr. Comeaux. That Ms. Young could not remember every detail is unfortunate but understandable. The record does not provide sufficient support to find clear error on behalf of the trial court. Defendants' first assignment lacks merit.

B.
Defendants' second assignment of error points out that the trial court failed to order a credit to defendants for the six (6) weeks during which unemployment compensation benefits were received by Barbara Young. LSA-R.S. 23:1225(B) prohibits payment of compensation benefits for temporary total disability for any week in which the employee has received unemployment compensation benefits.
In the case sub judice, Ms. Young admitted to receiving six (6) weeks of unemployment compensation benefits. The number of weeks is uncontroverted; we must therefore amend the trial court judgment to give defendants credit for six (6) weeks of worker's compensation payments.

C.
Plaintiff answered the appeal demanding penalties and attorney's fees for defendants' refusal to timely pay worker's *19 compensation benefits to plaintiff. The trial court correctly found plaintiff's claim to be reasonably controverted by the defendants. Penalties and attorney's fees are denied.

DECREE
For the above and foregoing reasons, the judgment of the trial court is amended: weekly compensation benefits are ordered to commence six (6) weeks after December 21, 1984. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are taxed to defendants.
AFFIRMED AS AMENDED.
NOTES
[1] These doctors were not called by plaintiff to testify. Defendants urge that this raises the presumption that their testimony would not have been favorable to plaintiff. The witnesses were equally available to each of the parties. When a witness is available to either side, no inference or presumption will arise from a party's failure to call the witness. Scott v. Terrebonne Lumber Company, 479 So.2d 410, 416 (La.App. 1st Cir.1985), writ denied, 485 So.2d 61 (La.1986).