533 So.2d 995 (1988)
Edward WESTLEY, Jr.
v.
LAND & OFFSHORE and Underwriters Adjusting Company.
No. CA 86 0973.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
Rehearing Denied November 30, 1988.
*996 Frank A. Bruno, New Orleans, for plaintiff and appellant, Edward Westley, Jr.
Ronald L. Ronzello, Metairie, for defendant and appellee, Land & Offshore and Underwriters Adjusting Co.
Before CARTER, LANIER and LeBLANC, JJ.
LeBLANC, Judge.
This worker's compensation case is on remand from the Louisiana Supreme Court, 523 So.2d 812 (La.1988). The Supreme Court found that plaintiff has proved by a preponderance of the evidence that he is temporarily totally disabled and that this disability was caused by a work-related injury. On remand, the Supreme Court directs this court to address the issue of penalties and attorney's fees, fix medical expenses and to fashion a proper judgment in this case.
Plaintiff, Edward Westley, Jr., sustained a work-related injury on August 18, 1984, while employed by defendant, Land & Offshore.[1] On the day of the injury, x-ray examinations and a CT scan examination of plaintiff indicated normal results. Plaintiff's injuries were diagnosed by an emergency room physician as a cerebral concussion, an acute cervical strain, a lumbar strain and a contusion of the shoulder. Conservative care consisting of muscle relaxants, pain pills, a cervical collar and bedrest was prescribed.
Plaintiff was subsequently hospitalized from August 29, 1984, through September 12, 1984, for diagnostic tests after complaints of neck stiffness, headaches and back pain. The test results were essentially normal, although a CT scan of the lumbar spine revealed mild bulges of questionable significance at the L3-L4, L4-L5 and L5-S1 levels and a cervical and lumbar myelogram revealed a minimal bulge at the C5-6 level. Conservative care of muscle relaxants and pain pills was continued.
Thereafter, plaintiff consulted Dr. Donald Judice, a neurosurgeon, on October 1, 1984. Plaintiff continued to complain of *997 severe head, neck and low back pain. After a physical examination of plaintiff was performed and the prior diagnostic test results were reviewed, Dr. Judice reported that he found no evidence of injury to plaintiff.
Subsequently, plaintiff consulted Dr. John Schuhmacher, a neurosurgeon, on October 3, 1984. Plaintiff reported problems with speech and bilateral leg pain in addition to his earlier symptoms. Dr. Schuhmacher indicated that plaintiff's behavior during the physical examination was hysterical and uncooperative. As a result of plaintiff's behavior, Dr. Schuhmacher's examination was inconclusive. Dr. Schuhmacher re-examined plaintiff on November 5, 1984. Again, Dr. Schuhmacher indicated that plaintiff's behavior was unnatural and hysterical. In his opinion, plaintiff's complaints of pain were exaggerated. After reviewing plaintiff's previously taken CT scans and myelograms, Dr. Schuhmacher found no objective evidence to support plaintiff's complaints and he suggested that plaintiff should return to work. However, Dr. Schuhmacher also added that he felt there was a strong psychological component to plaintiff's problem. He further stated that if he were plaintiff's treating physician, he would have recommended that plaintiff be evaluated by a psychologist or a psychiatrist.
On November 26, 1984, plaintiff was examined by Dr. Daniel Seltzer, an orthopedic surgeon. Based upon his review of plaintiff's diagnostic test results and plaintiff's physical examination, Dr. Seltzer explained that he could not correlate the magnitude of plaintiff's complaints with the objective physical findings. However, Dr. Seltzer also stated that he did not feel plaintiff was capable of employment on that date. Dr. Seltzer recommended continued conservative care and psychological evaluation. Plaintiff was examined again by Dr. Seltzer on September 20, 1985. Dr. Seltzer found no difference in plaintiff's physical condition.
Plaintiff began seeing Dr. Oliver Sanders, Jr., a psychiatrist, on December 4, 1984. Thereafter, plaintiff began psychotherapy treatment with Dr. Sanders on a biweekly basis. In addition to his complaints of pain, plaintiff related that he could not sleep at night because he continued to think of the accident. Dr. Sanders also noted that plaintiff had difficulty in communicating and remembering specific events. Dr. Sanders diagnosed a closed head injury and post-traumatic stress disorder. In Dr. Sanders' opinion, plaintiff's medical problems were caused by his workrelated injury. At the time of Dr. Sanders' deposition testimony, he stated that plaintiff was too anxious and tense to be able to return to work. He also indicated that plaintiff was unable to care for himself and continued to have problems in communicating with others. Dr. Sanders stated that these problems which prevented his return to work were attributable to the physical injury to plaintiff's head. In his opinion, plaintiff suffered from a brain injury. However, Dr. Sanders stated that in reference to the brain injury, he would defer the diagnosis to a neurosurgeon.
Plaintiff seeks penalties for the nonpayment of compensation benefits by defendants. An assessment of penalties is proper for the nonpayment of compensation benefits unless the nonpayment results from conditions over which the employer or insurer had no control or unless the employee's right to such benefits has been reasonably controverted. La.R.S. 23:1201 E.[2] Defendants contend that they reasonably controverted plaintiff's entitlement to benefits under the worker's compensation law.
*998 In analyzing the language of La.R.S. 23:1201 E, the Louisiana courts have applied the following test:
"[G]iven the facts, medical or otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual and medical information presented by claimant."

Duhon v. Acadiana Transmissions, 517 So.2d 946 (La.App.3d Cir.1987) (quoting Chelette v. American Guar. & Liability Ins., 480 So.2d 363, 367 (La.App.3d Cir. 1985).
Based on the facts of the present case, we find that defendants were reasonable in contesting plaintiff's entitlement to compensation benefits. The trial judge and the judges of the court of appeal found that plaintiff failed to prove that he was disabled as a result of his work-related injury. Although the Supreme Court held that the lower courts were clearly wrong, there was evidence in the record to support a conclusion that plaintiff was not disabled as a result of the work-related injury. In particular, the testimony of Dr. Judice and Dr. Schuhmacher strongly supported defendants' denial of benefits. Based on this evidence, defendants denied plaintiff's claim for benefits.
An employer or insurer should not be penalized for seeking judicial resolution of close factual issues. See, Trudell v. State, Office of Risk Management, 465 So.2d 184 (La.App.3d Cir.1985). Furthermore, the provisions of La.R.S. 23:1201 E should be strictly construed. See, Martin v. H.B. Zachry Co., 424 So.2d 1002 (La. 1982).
This case presented a close factual issue regarding plaintiff's liability and defendant asserted a good faith defense. Until the Supreme Court's reversal, all courts had agreed with defendants. The mere fact that defendants lost on final appeal does not subject them to penalties. The facts of this case establish that defendants did have a reasonable basis to believe that compensation benefits were not due to plaintiff. Therefore, plaintiff's claim for penalties is denied.
Plaintiff also seeks an award of attorney's fees. La.R.S. § 1201.2 provides in pertinent part:
"Any employer or insurer who at any time discontinues payment of claims due... when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney's fees for the prosecution and collection of such claims."
For the reasons given in denying penalties, we also deny plaintiff's claim for attorney's fees. We find that defendants' failure to pay plaintiff's compensation claim was not arbitrary, capricious or without probable cause.
Regarding the issue of medical expenses, plaintiff asserts in his brief that he is entitled to an award of $7,888.76 for unpaid medical expenses. However, the record does not support this contention. The parties stipulated at trial that all of plaintiff's medical expenses had been paid, except for the cost of some prescription drugs. The total of the receipts included in the record for prescription drugs is $69.23. No penalties are assessed on this amount since plaintiff's claim was reasonably contested by defendants.
Plaintiff also claims that he is entitled to $745.00 for travel expenses that were incurred to obtain medical services. Although plaintiff's father testified that he drove his son to the doctor every two weeks, there is no evidence of the actual cost of each of these trips or the number of miles traveled for each trip. Therefore, we must deny plaintiff's claim for travel expenses. See, Demery v. Dupree, 511 So.2d 1268 (La.App.2d Cir.), writ denied, 514 So. 2d 456 (La.1987).
At trial, the parties stipulated that plaintiff was earning a wage, at the time he was injured, that would entitle him to compensation benefits in the amount of $245.00 a week. In addition, the parties stipulated that compensation was paid by Land & Offshore and Fidelity Casualty Company of New York from August 18, 1984, through *999 November 9, 1984, in the total sum of $2,940.00.
Accordingly, we order that defendants, Land & Offshore and Fidelity Casualty Company of New York, pay plaintiff, Edward Westley, Jr., medical expenses in the amount of $69.23 and weekly compensation at the rate of $245.00, commencing November 10, 1984, and continuing for the period of plaintiff's disability, with legal interest on these payments from date due until paid. We further order that defendants pay the costs of all proceedings in this matter. The following expert witness fees are cast as court costs:

Dr. Oliver Sanders, Jr.......$350.00
Dr. Daniel S. Seltzer........$250.00
Dr. John F. Schuhmacher..... $250.00

We also award to plaintiff the court reporter's fee for deposing Dr. Oliver Sanders, Jr., as evidenced by Invoice Number DTX-57142 (Plaintiff's Exhibit 1), in the amount of $210.35.
JUDGMENT RENDERED.

ON APPLICATION FOR REHEARING

REHEARING DENIED.
Mover complains of past medical benefits. On Page 998 of our opinion, we noted that the parties stipulated that plaintiff's medical bills had been paid.
Mover also complains of future medical expenses. Plaintiff's remedy in this regard is to proceed in District Court by rule, against defendants should defendants refuse to pay any medical expenses which mover feels are attributable to the accident involved in this case.
NOTES
[1] Land & Offshore's worker's compensation insurance carrier, Fidelity & Casualty Company of New York, was also named as a defendant in this matter.
[2] § 1201. Time and place of payment; penalties

E. If any installment of compensation payable without an order is not paid within the time period provided in Subsections (B), (C), or (D) of this Section, there shall be added to such unpaid installment a penalty of an amount equal to twelve percent thereof, which shall be paid at the same time as, and in addition to, such installment of compensation, unless such nonpayment results from conditions over which the employer or insurer had no control. Whenever the employee's right to such benefits has been reasonably controverted by the employer or his insurer, the penalties set forth in this Subsection shall not apply.... [emphasis added]