WOODARD, Judge.
This appeal arises out of a suit for worker’s compensation benefits.
Defendants, Ashland Pipeline Company and Insurance Company of North America, assert the following assignments of error: (1) the trial court erred in finding that plaintiff was injured in a work related accident; (2) the trial court erred in finding plaintiff temporarily and totally disabled; (3) the trial court erred in holding defendants responsible for the cost of Dr. Ram-bach’s evaluation of plaintiff for litigation purposes; and (4) the trial court erred in awarding plaintiff penalties and attorney’s fees.
FACTS
Plaintiff, Dale R. Vestal, was a tanker-truck driver for Ashland Pipeline Company. On August 7, 1987, plaintiff was loading oil onto his truck when he slipped on a pipe and injured his back. He felt pain in his back and left leg. Plaintiff did not report the incident at that time because he believed he could continue working.
Several days later, on August 20, plaintiff was helping his brother with some work on a trailer. Plaintiff stepped backward off of the trailer and immediately felt severe pain in his back. After this, he was unable to go to work. On August 24 he called his supervisor, David Gray, to tell him he would not be in the next day. Plaintiff told Mr. Gray about slipping at work three weeks earlier, as well as the incident with the trailer. Plaintiff stated he did not believe his injuries were work related. Later that day, plaintiff was examined by Dr. Robert Van Uden, an orthopedist. Plaintiff was able to return to work one month later, on September 24, 1987.
While working during the last week of October, 1987, plaintiff fell and injured his back again. No accident report was completed. He continued working until November 10, 1987, when he experienced severe pain in his back while changing his boots at home. He was examined by Dr. Frank Cline, an orthopedic surgeon, and was given a back brace to wear for several weeks. Plaintiff testified that the back brace provided much relief from his pain.
In January, 1988, Dr. Cline released plaintiff to return to work, but Ashland refused to let him work wearing the back brace. Ashland did indicate, however, that plaintiff could return to work if he underwent spinal surgery because this would eliminate his need for the back brace.
On February 23, 1988, plaintiff underwent a spinal fusion, which was performed by Dr. Cline. After the surgery, plaintiff was anxious to return to work even though he continued to suffer some back pain. When Dr. Cline released him, plaintiff returned to Ashland to resume working, but was told there was no job available for him. He testified that they claimed they would call him if something came up, but they never did.
In October, 1988, plaintiff submitted a claim for worker’s compensation benefits. His claim was denied because his injuries did not appear to be work related. Plaintiff then filed this suit against Ashland and Insurance Company of North America for worker’s compensation benefits. The trial court found plaintiff was injured at work on August 7, 1987 and in late October, 1987, and was temporarily and totally disabled as a result. Judgment was rendered granting plaintiff worker’s compensation benefits as well as penalties and attorneys fees. Defendants appeal this judgment.
*777 THE ACCIDENT
In their first assignment of error, defendants contend the trial court erred in finding that plaintiff was injured in a work related accident.
This was a finding of fact by the court based on the testimony and evidence at trial. Factual findings in worker’s compensation cases, especially those that involve determinations of witness credibility, are entitled to great weight on appeal and will not be disturbed unless they are clearly wrong. Carter v. Pitt Grill, Inc., 425 So.2d 375 (La.App. 3 Cir.1982). Plaintiff testified that he slipped at work, and his supervisor’s notes reveal that plaintiff told him about the first slip approximately three weeks after it occurred. Dr. Van Uden examined plaintiff on August 24, 1987, and he noted that plaintiff’s initial slip at work was a possible cause of his back injuries. As a result, we cannot say the trial court was clearly wrong in concluding plaintiff was injured in a work related accident.
DISABILITY
In their second assignment of error, defendants assert that the trial court erred in finding plaintiff temporarily and totally disabled.
Dr. Baer Rambach, an orthopedic surgeon, testified that plaintiff suffers from chronic pain syndrome and that he is unable to perform any type of manual labor. Dr. George Hearn, an industrial psychologist, testified that plaintiff is not capable of returning to heavy work and is lacking the skills necessary for sedentary work. He further testified that there was no employment available to plaintiff at that time, although he may eventually be able to return to work if he can be rehabilitated.
The determination of disability by the trial judge is a finding of fact. The amount of weight the trial judge places on expert testimony and his resulting findings of fact are entitled to great weight on appeal. Andrus v. Rimmer & Garrett, Inc., 316 So.2d 433 (La.App. 3 Cir.1975). The trial court’s determination of disability is supported by the testimony of the expert witnesses and we therefore find no error.
DR. RAMBACH’S EXAMINATION FEE
In their third assignment of error, defendants assert it was error for the trial judge to hold them responsible for Dr. Rambach’s examination fee because plaintiff was examined by Dr. Rambach for litigation purposes. An employer and his insurer are not obligated to pay the bills for evaluation purposes of physicians who evaluate an employee at his attorney’s request. Price v. Fireman’s Fund Ins. Co., 502 So.2d 1078 (La.1987).
A review of the trial court judgment reveals no specific award to plaintiff of Dr. Rambach’s examination fee; however, plaintiff was awarded all medical expenses. To the extent that this award includes Dr. Rambach’s examination fee, the judgment is amended to specifically exclude the amount of his bill.
PENALTIES AND ATTORNEY’S FEES
In their final assignment of error, defendants contend that the trial court erred in awarding plaintiff penalties and attorney’s fees.
The trial judge found that defendants’ refusal to pay worker’s compensation benefits was arbitrary, capricious, and without reasonable cause. “The determination of whether an employer is arbitrary and capricious in the refusal to pay benefits is a mixed question of law and fact, and the trial court’s determination of the facts is entitled to great weight by a reviewing court.” Talley v. Enserch Corp., 508 So.2d 197, 206 (La.App. 3 Cir.1987), writs denied, 513 So.2d 289 and 513 So.2d 290 (La.1987). After a thorough review of the record, we find no error in the trial court’s award of penalties and attorney fees.
For the foregoing reasons, the judgment of the trial court is amended and affirmed. Costs of this appeal are assessed to defendants-appellants, Ashland Pipeline Co. and Insurance Co. of North America.
AFFIRMED AS AMENDED.