640 So.2d 585 (1994)
Glenn G. MECHE, Plaintiff-Appellee,
v.
FOREMOST MANAGEMENT CORP. and Houston General Insurance Co., Defendants-Appellants.
No. 93-1390.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
*586 Michael Benny Miller, Crowley, for Glenn G. Meche.
Charles V. Musso Jr., Lake Charles, for Foremost Management Corp., etc.
Before YELVERTON and THIBODEAUX, JJ., and CULPEPPER[*], J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a worker's compensation case. Glenn G. Meche filed a claim for supplemental earnings benefits against his former employer, Foremost Management Corporation, and the insurer, Houston General Insurance Company. The hearing officer awarded supplemental earnings benefits to Meche. Defendants appeal, alleging that the hearing officer (1) erred in allowing the testimony of Meche's witnesses, Wilton Henry and Collins Lee LaFosse, since Meche failed to list Henry and LaFosse as witnesses in his answers to interrogatories, and (2) erred in finding supplemental earnings benefits were due and owing.

HEARING OFFICER'S RULING
We quote in part the hearing officer's ruling.
"The following are pertinent facts:
(1) While working as a driller, claimant suffered a compensable injury to his left ankle on July 30, 1990.
(2) Claimant received the maximum weekly Temporary Total Disability Benefits of $276.00, through March 11, 1991. It was stipulated that his weekly wage was $644.78.
(3) On March 5, 1991, claimant began work as a gas diesel mechanic with a different employer, making approximately $340.00 a week.
(4) Before hand, on March 4, 1991, claimant's treating physician, Dr. Michael Heard, cleared claimant to do the diesel mechanic work. Dr. Heard placed restrictions of no prolonged standing (past four hours), repetitive climbing, or heavy lifting. (Dr. Heard's deposition; and his June 4, 1992 report).
"Claimant alleges that as a result of the compensable injury he can no longer perform the work of a driller, and that, as of March 5, 1991, he works at a job (diesel mechanic) which fits within his physical limitations but which pays well below 90% of what he earned per week at his pre-injury job as a driller. Consequently, he claims that he is entitled to Supplemental Earning Benefits (SEB).
"Defendant denies the claim, maintaining that claimant can perform his pre-injury job as a driller and that claimant failed to put in an application for a driller position following his release to work in March of 1991....

FINDING
"The parties offered contradictory testimony as to the nature of the duties of a driller. Claimant and his witnesses (Willard Henry and Collins Lee LaFosse) essentially stated that the physical demands of a driller exceed the work restrictions placed by Dr. Heard. Defendant's witnesses stated otherwise. The Court finds that claimant and his witnesses were more credible in their description of the job duties. In particular, the Court believes claimant's version that as a driller he has to make sure, or do anything that it takes, to get the job done. This would include periodically doing work as a roughneck, or requiring prolonged climbing or standing, and a number of other, often unforeseen, strenuous physical activities. Realistically, claimant's *587 ankle would not allow him to perform the various duties required as a driller for any substantial period of time. (See also Dr. Heard's response in his deposition as to the description of the duties of a driller on land; the Court assumes the accident occurred on land, rather than at sea; otherwise, this matter would be in Federal Court.)"

TESTIMONY
Wilton Henry testified that he had been a driller in the oil business for about fourteen years and had probably worked for seven different companies within that period. Collins Lee LaFosse testified that he had worked as a driller and that Meche had been his "boss" for the three or three and one-half years he had worked for Power Rig Drilling Company, Inc. (Foremost Management apparently subcontracted out or leased employees to Power Rig.) Henry and LaFosse testified about the duties of a driller, and LaFosse specifically testified concerning his observations of Meche while Meche worked as a driller.
However, Henry and LaFosse were not listed as witnesses on Meche's answers to interrogatories. While these witnesses were listed on Meche's "Answer to Pretrial Questionnaire," defendants' counsel stated at the hearing that the first time he saw the pretrial statement was the day of the hearing. The hearing officer responded: "Well, what the Court will do, if you feel, as a result and show good grounds why the record needs to be left open for any further rebuttal or investigation regarding what this witness [Henry] has to say, then the Court will consider leaving the record open." Defendants' counsel replied: "That's fair enough."
Defendants contend on appeal that the hearing officer erred in allowing the testimony of Henry and LaFosse. Defendants urge that despite the interrogatory, Meche failed either to answer a second set of interrogatories correctly or failed to supplement his answers in due course as required by Louisiana law. Defendants allege surprise and prejudice.
A trial judge has great discretion in deciding whether to receive or refuse offered testimony of witnesses. Bennett v. SEDCO Maritime, 520 So.2d 894 (La.App. 3d Cir. 1987). In any event, LSA-R.S. 23:1317 provides that the hearing officer shall not be bound by technical rules of evidence or procedure other than as herein provided. "`LSA:R.S. 23:1317 reflects the legislature's intent, in compensation cases, to materially relax evidentiary and procedural rules and subordinate procedural considerations to the discovery of the truth and the protection of substantive rights.'" Keyes v. Rockwood Ins. Co., 502 So.2d 223, 228 (La.App. 3d Cir.1987) quoting Andrews v. Pine Hill Wood Co., 426 So.2d 196 (La.App. 2d Cir. 1982), writ denied, 432 So.2d 267 (La.1983).
While defendants may not have been aware until the day of the hearing that Henry and LaFosse were being offered as witnesses, defendants were prepared to contradict this testimony with that of their witness, Aubrey Quebedeaux. Quebedeaux is the yard manager for Power Rig and he also testified concerning a driller's duties. Moreover, the hearing officer expressed a willingness to leave the record open, upon a showing of good grounds, for any further rebuttal or investigation regarding Henry's (and presumably LaFosse's) testimony. In any event, Henry's and LaFosse's testimony was corroborative of Meche's testimony, and the hearing officer could have accepted Meche's testimony alone to find that the job requirements exceeded Meche's medical restrictions. Thus we do not find an abuse of discretion or reversible error in this regard.

SEB
Defendants assert that Meche could return to his former employment as a driller with Foremost Management Corporation/Power Rig Drilling Company and that, therefore, he is not entitled to SEB. Whether plaintiff could return to his former employment as a driller is a fact question. The hearing officer concluded that Meche and his witnesses, Henry and LaFosse, were more credible in their description of a driller's job duties and that Meche's ankle would not allow him to perform the various duties required of a driller for any substantial period of time. Factual findings in worker's compensation *588 cases, especially those that involve determinations of witness credibility, are entitled to great weight on appeal and will not be disturbed unless they are clearly wrong. Vestal v. Ashland Pipeline Co., 616 So.2d 775 (La.App. 3d Cir.), writ denied, 617 So.2d 1185 (La.1993). We find no clear error in the hearing officer's findings in this regard.

DISPOSITION
For the foregoing reasons, we affirm the judgment at defendants' cost.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.