JzLeBLANC, J.
Defendants, Albano Cleaners and Employers Insurance of Wausau (Wausau), appeal a judgment of the Office of Worker’s Compensation in favor of plaintiff, Elaine Lacava, awarding her worker’s compensation benefits, penalties and attorney’s fees, and medical expenses.
FACTS
At the time of her injury, plaintiff was employed by defendant, Albano Cleaners. Her normal job duties consisted of operating a dry-cleaning machine, sorting clothes, and putting in and removing clothes from the dryers. However, on Saturday, October 19, 1991, she was instructed to perform additional tasks in preparation for an inspection by the owner to take place the following Monday. These tasks included cleaning the dry-cleaning machinery and scrapping stickers (used to mark spots on clothing) off the floor. Plaintiff testified that this work was physically demanding; requiring extensive bending and twisting to reach crevasses under the drum and behind the machinery. She stated that the removal of the stickers also required much squatting and bending over in order to scrap the stickers off the floor. Plaintiff acknowledged that her regular duties also required bending, stooping and lifting of heavy bags of clothes. However, she testified that these duties were easy in comparison to the strenuous work she performed on October 19, 1991, in preparation for the scheduled inspection.
Plaintiff began work at approximately 8:00 a.m. on the day in question. She stated that her back began feeling sore and hurting a few hours thereafter, got worse as the day progressed, and continued hurting throughout the weekend. Further, she testified that she also had shooting pains down her leg, which grew worse with time.
Plaintiffs supervisor was not at work on Saturday. However, plaintiff testified that she complained to a co-worker that afternoon about the pain she was experiencing. The co-worker did not testify at trial. A coworker who did testify stated that she did not hear plaintiff make any complaints of pain. In any event, when |3plamtiff went to work on Monday (October 21, 1991), she told her supervisor that she had been sore and hurting since Saturday. Her supervisor sent her to a doctor that day. Plaintiff never returned to work at Albano Cleaners. On October 23, 1991, her injury was reported to Albano’s worker’s compensation insurer, Wausau.
After examining plaintiff on October 21, 1991, Dr. Charles Baier prescribed medication and bedrest. Dr. Baier saw plaintiff again for a follow-up visit on October 25, at which time he referred her to Dr. Roch Hontas, an orthopedic surgeon. Upon examination of plaintiff on October 28, 1991, Dr. Hontas diagnosed plaintiff as suffering from a lumbar muscular strain. He prescribed a regime of physical therapy and medication. Another appointment with Dr. Hontas was scheduled for plaintiff on December 2, 1991. However, plaintiff testified that she canceled the appointment because she could not afford to see Dr. Hontas once defendants refused to pay.
Plaintiffs injury was reported to Albano’s worker’s compensation insurer, Wausau, on October 23,1991. By letter dated November 11,1991, Wausau denied plaintiffs compensation claim on the basis that plaintiff was not injured by an “accident” within the definition of La.R.S. 23:1021(1). Plaintiff thereafter filed a disputed claim for compensation with the Office of Workers’ Compensation. Trial was held on this matter on November 18, 1993. The hearing officer subsequently rendered judgment awarding plaintiff weekly compensation benefits of $144.09 from October 19,1991 through March 13,1992, medical expenses, and penalties and attorney’s fees in the amount of $3,500.00. Defendants have now appealed, raising the following issues on appeal: (1) whether plaintiffs injury resulted from an “accident” as defined by La.R.S. 23:1021(1); (2) whether plaintiff was entitled to worker’s compensation benefits for those weeks for which she received unemployment compensation; and, (3) whether defendant’s denial of plaintiffs claim was arbitrary and capricious.
OCCURRENCE OF ACCIDENT
In order to recover worker’s compensation benefits, an employee must have been in *837 jured as the result of an “accident” arising out of and in the course of his Uemployment. La.R.S. 23:1031 A. In brief, defendants argue plaintiff has not established a compensa-ble injury because the factual scenario she described does not meet the definition of an accident as set forth in La.R.S. 23:1021(1). Specifically, defendants argue plaintiff has. not met the burden of establishing an accident because she “was simply not able to pinpoint a single, specific event which produced objective findings at that time,” as required by the statute.
Prior to its amendment in 1989[1], La.R.S. 23:1021(1) defined an accident as “an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury.” Following the 1989 amendment, the statute defined an accident as:
[A]n unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
Defendants contend this amendment was enacted for the specific purpose of reversing prior jurisprudence allowing worker’s compensation coverage for disability which might appear to be work-related, but which did not meet the statutory definition of “accident”.
This court dealt with the 1989 amendment to La.R.S. 23:1021(1) in Dyson v. State Emp. Group Ben. Program, 610 So.2d 953, 955-56 (La.App. 1st Cir.1992). We observed in Dyson that suggestions that the amendment was meant to exclude people “who are worn down by their work rather than immediately crippled by it are not consistent with the purpose of the worker’s compensation scheme.” 610 So.2d at 956.
The amendment to this statute was again addressed in Robin v. Schwegmann Giant Supermarkets, Inc., 93-2310 (La.App. 1st Cir. 11/10/94), 646 So.2d 1030, 1033-34, a case with facts which we believe are analogous to those in the present case. The plaintiff therein, Ms. Robin, was employed as the supervisor of a full service deli. Due to the illness of other employees, she was required to work |5unassisted for several days. Her duties included lifting turkeys, hams and cheeses, weighing ten to twenty pounds. She was also required to stock the deli, which necessitated moving cases of meats and cheeses weighing forty-five to fifty pounds by pulling them from an overhead position in the freezer. Ms. Robin testified that, during the time she worked alone, she was very tired and her back was hurting. At the time she left work on October 11, 1991, her last day of work, she was experiencing bad back pain. During the night she was awakened by severe back pain, and went to the emergency room of a local hospital. She was diagnosed with a lumbar strain, and bedrest was ordered. In rejecting her employer’s contention that Ms. Robin failed to establish an “ ‘event’ marking the identification of her injury”, as required by La.R.S. 23:1021(1), this court held:
The record contains ample evidence identifying the event which marks the identification of Robin’s injury, namely, the performance of her lifting duties in the deli on Friday, October 11, 1991. Robin testified that she experienced back pain throughout the time she was required to work alone, or understaffed, in the deli. However, she also testified that the back pain she experienced the night of October 11, 1991 was a different kind of pain than what she had felt before_ Given these circumstances, it is clear that the event which caused Robin’s injury was the lifting duties she performed in the deli at Schwegmann on Friday, October 11, 1991.
646 So.2d at 1034
We believe the factual situation in the present ease is similar to that in Robin. As in Robin, the record herein contains ample evidence establishing the event which marks the identification of plaintiffs injury, i.e., the strenuous cleaning and scrapping activities *838 plaintiff performed on October 19, 1991. Plaintiff testified that she began experiencing soreness and pain within several hours of beginning this work. Dr. Hontas was of the opinion that there was a high probability that these activities were the cause of plaintiffs disability. Given the circumstances, we believe it is clear that the cleaning and scrapping activities plaintiff performed on October 19, 1991 were the event causing her injury and constituted an “accident” within the meaning of La.R.S. 23:1021(1). See Robin, supra. See also Richard v. Temple-Inland, 625 So.2d 335 (La.App. 3rd Cir.1993).
| (¡UNEMPLOYMENT COMPENSATION
Defendants argue the hearing officer did not comply with the provisions of La.R.S. 23:1225 B, since worker’s compensation benefits were awarded to plaintiff for weeks for which she admitted receiving unemployment compensation. This argument has merit.
La.R.S. 23:1225 B provides that worker’s compensation benefits are not payable “for any week in which the employee has received or is receiving unemployment compensation benefits.” At trial plaintiff admitted that she began receiving unemployment benefits sometime in early December, 1991, and that she received these benefits for a period of twenty-six weeks. Since the hearing officer awarded plaintiff worker’s compensation from October 19, 1991 to March 13, 1992, it is clear that for at least some of the weeks that she was awarded worker’s compensation, she also received unemployment compensation. Under La.R.S. 23:1225 B, plaintiff was not eligible to receive worker’s compensation for those weeks for which she received unemployment compensation. See Young v. State Farm Fire & Cas. Co., 511 So.2d 15, 18 (La.App. 3rd Cir.1987); Wills v. Solida Const. Co., 543 So.2d 1365, 1370-71 (La.App. 2nd Cir.1989). Accordingly, the judgment of the hearing officer must be amended to give defendants credit for the weeks that plaintiff received unemployment compensation. Young, 511 So.2d at 18. Since the record does not establish the exact weeks plaintiff received unemployment compensation, this matter is remanded to the Office of Worker’s Compensation Administration (OWC) for the limited purpose of making this determination. The OWC is directed to thereafter enter a judgment giving defendants credit for those weeks that plaintiff received unemployment compensation.
STATUTORY PENALTIES AND ATTORNEY’S FEES
Defendants contend the hearing officer erred in awarding penalties and attorney’s fees in this case.
An assessment of penalties for nonpayment of compensation benefits is proper unless the nonpayment results from conditions over which the employer or insurer |7have no control or unless the employee’s right to such benefits has been reasonably controverted. La.R.S. 23:1201 E; Westley v. Land & Offshore, 533 So.2d 995, 997 (La. App. 1st Cir.1988). Additionally, La.R.S. 23:1201.2 provides for the assessment of attorney’s fees against an insurer who arbitrarily, capriciously, or without probable cause has refused to timely pay worker’s compensation benefits. A claimant is not entitled to an award of penalties or attorney’s fees where a rational basis exists for the refusal to pay. Connor v. Frees Const. Co., Inc., 525 So.2d 241, 244 (La.App. 1st Cir.), writ not considered, 532 So.2d 111 (La. 1988).
In the present case, defendants argue they had reasonable grounds upon which to controvert plaintiffs claim. Specifically, defendants submit that the issue of whether plaintiff was injured as the result of a compensa-ble accident, as defined by La.R.S. 23:1021(1), presented such a close factual issue that it was reasonable for them to seek judicial resolution of this issue.
In his reasons for judgment, the hearing officer concluded that the claims adjuster for Wausau “faded to completely and properly investigate” plaintiffs claim because she did not discuss plaintiffs condition or causation with either Dr. Baier or Dr. Hontas. He also noted that the claims adjuster failed to seek the opinion of an attorney regarding the criteria for an “accident” under the worker’s compensation act.
*839 We conclude the hearing officer was clearly wrong in finding defendants’ failure to pay benefits arbitrary and capricious. Before making the determination to deny plaintiffs claim, the claim adjuster took statements from plaintiff and her supervisor, and obtained copies of plaintiffs medical records from Drs. Baier and Hontas. It is true that the claims adjuster did not discuss either plaintiffs condition or causation with these doctors. However, neither of these issues was the basis for the denial of benefits herein. Defendants denied plaintiffs claim because of their conclusion that the facts surrounding plaintiffs injury did not constitute an accident within the contemplation of La. R.S. 23:1021(1). Any additional information the claims adjuster may have obtained from discussions with Dr. Baier or Dr. Hontas would not have | ¡¡affected this conclusion. Under the circumstances, the investigation conducted and the information obtained by the claim adjuster was adequate.
We are aware that an unjustified belief that an injury did not result from an “accident” does not excuse a failure to pay worker’s compensation benefits. Nelson v. Roadway Exp., Inc., 588 So.2d 350, 355 (La. 1991). However, an employer or insurer should not be penalized for seeking judicial resolution of the meaning of amendments to the statutory definition of an “accident”, when that issue was not conclusively resolved by the jurisprudence at the time that the claim was denied. See Williams v. Regional Transit Authority, 546 So.2d 150, 162-162 (La.1989). Considering the 1989 amendment to the statutory definition of “accident” and the sparsity of jurisprudence addressing the meaning of the amendment at the time defendants denied plaintiffs claim in 1991, we conclude there was a justifiable basis for defendants to reject plaintiffs claim at that time. Therefore, the award of statutory penalties and attorney’s fees to plaintiff must be reversed.
CONCLUSION
For the above reasons, that portion of the appealed judgment awarding penalties and attorney’s fees to plaintiff is hereby reversed. Further, this matter is remanded to the Office of Worker’s Compensation Administration (OWC) for the limited purpose of determining the dates that plaintiff received unemployment compensation benefits. Upon such determination, the OWC is hereby directed to enter a judgment giving defendants credit for those weeks in accordance with La.R.S. 23:1225 B. The judgment of the hearing officer is affirmed in all other respects. Plaintiff and defendants are each to pay one-half of the costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH ORDER.

. La.R.S. 23:1021(1) was amended by Louisiana Acts 1989, No. 454, § 1, effective January 1, 1990.