665 So.2d 432 (1995)
Janice BROOKS
v.
LEGGETT & PLATT, INC.
No. 94 CA 0617.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Rehearing Denied January 23, 1996.
*433 Robert Booksh, New Orleans, for Janice M. Brooks.
Kirk L. Landry, Baton Rouge, for Leggett & Platt, Inc.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
GONZALES, Judge.
This appeal arises from a workers' compensation claim filed by Janice M. Brooks against her employer, Leggett & Platt, Inc.

FACTS AND PROCEDURAL HISTORY
On July 6, 1992, Ms. Brooks (claimant) was injured while in the course and scope of her employment at a mattress assembly facility owned by Leggett & Platt, Inc. (employer). She was initially treated for her injuries by Dr. Fanancy Anzalone, a general practitioner. Dr. Anzalone referred her to Dr. J.L. Fambrough, an orthopedic surgeon, who treated her through August 20, 1992. The claimant was also treated by Dr. Joshua Williams, a general practitioner, from August 28, 1992 through February 22, 1993.
The employer paid workers' compensation benefits to the claimant from July 14, 1992 through July 29, 1992. The employer also paid the medical bills from Drs. Anzalone and Fambrough. On August 10, 1992, the claimant filed a disputed claim for compensation with the Office of Workers' Compensation. The case was tried before a hearing officer on September 15, 1993. A judgment was signed on November 22, 1993, (1) ordering that the claimant's benefits be reinstated in the amount of $189.72 per week from July 29, 1992 and continuing, and (2) ordering that the employer file for a medical utilization review in accordance with La.R.S. 23:1123 within 30 days from the date of the judgment.
From this adverse judgment, the employer appeals, asserting the following assignments of error:
(1) The hearing officer erred in ruling that the claimant was entitled to workers' compensation benefits from July 29, 1992 and continuing.
(2) The hearing officer erred in allowing the deposition of Dr. J.O. Williams, Jr. to be taken after trial and subsequently admitted into evidence.
(3) The hearing officer erred in ordering that the employer file for a medical utilization review in accordance with La.R.S. 23:1123.
(4) The hearing officer erred in ruling that the claimant was entitled to benefits for temporary total disability at a rate of $189.72 per week.
The claimant answered the appeal, asserting the following assignments of error:
(1) The hearing officer erred in failing to rule that Dr. Williams was the claimant's first choice of treating physician.
(2) The hearing officer erred in failing to order the employer to authorize payment for treatment by an orthopedist of the claimant's choice.
(3) The hearing officer erred in sustaining the employers' objection to the claimant's introduction of subpoenaed records and bills of Dr. Williams and Southland Physical Therapy as evidence at trial.
*434 (4) The hearing officer erred in failing to order the employer to authorize payment for the MRI bill of Seventh Ward Hospital and the bills and travel expenses associated with treatment by Dr. Williams and Southland Physical Therapy.
(5) The hearing officer erred in failing to award to the claimant the costs of Dr. Williams' deposition and his $400.00 expert fee.
(6) The hearing officer erred in failing to order the resumption of compensation and the payment of back compensation from July 6, 1992, with credit for payments made, to the claimant, at the suggested rate of $194.55 plus interest.
(7) The hearing officer erred in failing to award attorney fees and penalties to the claimant for, among other things, the employer's failure to authorize payment for the MRI and bills and travel expenses associated with treatment by Dr. Williams and Southland Physical Therapy.

EVIDENTIARY MATTERS
In its assignment of error number 2, the employer argues that the hearing officer erred in allowing the deposition of Dr. Joshua Williams, Jr. to be taken after trial and admitted into evidence. Although the record does not indicate that Dr. Williams was subpoenaed to testify, he was apparently scheduled to testify on behalf of the claimant on the day of the trial. However, during the trial, the claimant's attorney informed the hearing officer that Dr. Williams would not testify because he had to take his father to the hospital. The hearing officer found this to be a valid basis for leaving the record open for the taking of Dr. Williams' deposition.
Louisiana Revised Statute 23:1317 states that "[t]he hearing officer shall not be bound by technical rules of evidence or procedure other than as herein provided...." The employer has pointed to no rule, nor have we found any, which prohibits the hearing officer from holding open a record for the taking of a deposition under circumstances such as those presented in this case. The hearing officer has great discretion in deciding whether to receive or refuse offered testimony of witnesses. Meche v. Foremost Management Corp., 93-1390 (La.App. 3d Cir. 5/4/94), 640 So.2d 585, 587. If an unfair advantage to one party or unfair prejudice to another party would be created by a hearing officer's decision to hold open a record, it is possible that an abuse of discretion would be found. However, there is insufficient evidence to prove that any unfairness resulted in this case. Therefore, we find no abuse of discretion in this regard.
In her assignment of error number 3, the claimant argues that the hearing officer erred in sustaining the employer's objection to her introduction of records from Dr. Williams' office and from Southland Physical Therapy. The hearing officer sustained the employer's objection to the admissibility of the records because they were not certified as true copies in accordance with La.R.S. 13:3715.1, as is required by Rule 2143 of the Rules of the Office of Workers' Compensation.
Although there is no rule prohibiting the hearing officer from holding open a record for the taking of a deposition, there is a rule which governs the admissibility of reports of health care providers in workers' compensation proceedings. Rule 2143 of the Rules of the Office of Workers' Compensation states that "[e]xpert medical and rehabilitation testimony may be admitted by ... reports of any health care provider certified as a true copy in accordance with the Louisiana Revised Statutes 13:3715.1.[1]" Under La.R.S. 23:1310.1[2], the hearing officer in this case *435 was bound to enforce Rule 2143. Because the records at issue were not properly certified, we find no error in the hearing officer's determination that the records were not admissible. This assignment of error is without merit.[3]

CLAIMANT'S ENTITLEMENT TO CONTINUING BENEFITS
In its assignment of error number one, the employer argues that the hearing officer erred in finding that the claimant was entitled to workers' compensation benefits from July 29, 1992 and continuing. In its reasons for judgment, the hearing officer concludes that the employer should not have discontinued the claimant's benefits as of July 29, 1992 and indicates that the benefits would be reinstated. The hearing officer apparently found that the claimant was still temporarily totally disabled and unable to work as of July 29, 1992.
Without setting forth the detailed findings of each physician who treated the claimant, we note, after a thorough review, that the record contains conflicting evidence as to whether the claimant had recovered from her injuries to the extent that any of the treating physicians had released her to return to work. There is no release from Dr. Anzalone, the first physician to treat the claimant. Dr. Anzalone treated the claimant until July 23, 1992, and then referred her to Dr. Fambrough when her condition did not appear to be improving.
Dr. Fambrough treated the claimant for approximately one month. He sent her to physical therapy, ordered an MRI (magnetic resonance imaging) of her lumbar spine, and treated her with injections for point tenderness. Dr. Fambrough last saw the claimant on August 20, 1992. His report of this date indicated that the claimant should be treated with physical therapy for a few more weeks and specifically stated that, in the interim, the claimant was unable to work. However, in his deposition, taken December 7, 1992, Dr. Fambrough takes the position that there were no objective findings, including his review of the MRI results, that would have prevented the claimant from returning to work as of August 20, 1992, and that he had in fact suggested that she try to return to work as of her second appointment on July 29, 1992. On September 29, 1992, the claimant was discharged from Dr. Fambrough's care after having missed three scheduled appointments.
Upon advice of counsel, the claimant consulted Dr. Williams, who treated her for approximately six months. After initially diagnosing the claimant with lumbosacral spine strain, bilateral buttock strain, and right thigh strain, Dr. Williams sent the claimant to physical therapy, and consistently maintained that she was unable to work. Dr. Williams last saw the claimant on February 22, 1993. At this time, Dr. Williams discharged the claimant to see an orthopedist of her choice and maintained her "no work" status.
After considering all of the evidence before him, the hearing officer found that, although Dr. Fambrough gave conflicting information regarding the claimant's ability to return to work, she was still unable to work as of July 29, 1992, the date upon which the employer discontinued her benefits. The hearing officer apparently gave greater weight to Dr. Fambrough's records, than to his deposition testimony, and to the findings of Dr. Williams, who was of the opinion that the claimant was still unable to work as late as the end of February of 1993.
The hearing officer's decision that the claimant was still disabled as of July 29, 1992 is a factual determination which cannot *436 be overturned on appeal absent manifest error. The manifest error standard must be applied even where the evidence before the trier of fact consists solely of written reports, records, and depositions. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94), 630 So.2d 706, 709-710. The hearing officer may have determined that the findings of Dr. Williams, who had the benefit of repeated examination and sustained observation of the claimant over a six month period, were entitled to greater weight and probative value than the findings of Dr. Fambrough, who only saw the claimant on four occasions. See Franklin v. Pizza Hut, Inc., 572 So.2d 685, 687 (La.App. 4th Cir. 1990). We find no manifest error in the hearing officer's determination that the claimant was entitled to continuing benefits from July 29, 1992 and forward.

APPLICABILITY OF LA.R.S. 23:1123
Because the employer's assignment of error number 3 and the claimant's assignments of error numbers 1 and 2 deal with the applicability of La.R.S. 23:1123, this court will address the assignments together.
In its assignment of error number 3, the employer argues that the hearing officer erred in ordering that the employer file for a medical utilization review in accordance with La.R.S. 23:1123. The employer argues that the hearing officer found that claimant chose Drs. Anzalone and Fambrough as her treating physicians pursuant to La.R.S. 23:1121(B), and that before it is required to comply with the requirements of La.R.S. 23:1123, the employer is entitled to have the claimant examined by a physician of its choice pursuant to La.R.S. 23:1121(A).
In her assignments of error numbers 1 and 2, the claimant argues that Dr. Williams was her first choice of physician, rather than Drs. Anzalone and Fambrough. It is the claimant's position that she is entitled to treatment by an orthopedist of her choice, at her employer's expense, under the provisions of La.R.S. 23:1121, before the provisions of La. R.S. 23:1123 become applicable.
An employee injured in the course and scope of his employment is required to submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter ... during the pendency of his compensation claim or during his receipt of workers' compensation payments. La.R.S. 23:1121(A). The employer shall not require the employee to be examined by more than one medical practitioner in any one field or specialty unless the employee's prior consent is obtained. La.R.S. 23:1121(A).
Additionally, the employee shall have the right to select one treating physician in any field or specialty, at his employer's expense. After his initial choice, the employee shall obtain prior consent from the employer for a change of treating physician within that same field or specialty. The employee, however is not required to obtain approval for change to a treating physician in another field or specialty. La.R.S. 23:1121(B).
After all examinations have been conducted but prior to any order directing the injured employee to return to work, the employee shall be permitted, at his own expense, to consult with and be examined by a physician of his own choosing. Such report shall be considered in addition to all other medical reports in determining the injured employee's fitness to return to work. La.R.S. 23:1121(D). Should disagreement exist, after such consultation and examination, as to the fitness of the employee to return to work, the provisions of La.R.S. 23:1123 shall be followed. La. R.S. 23:1121(D).
Under the terms of La.R.S. 23:1123, when there is a dispute as to the condition of an employee, the director of the Office of Workers' Compensation Administration, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent workers' compensation proceedings.
In its reasons for judgment, the hearing officer indicated that this case falls within the *437 provisions of La.R.S. 23:1121(D). The hearing officer determined that Dr. Williams had been chosen by the claimant, at claimant's expense, as the physician to be consulted after all examinations had been conducted under the provisions of subsections (A) and (B). Because disagreement existed as to the claimant's fitness to return to work, even after her consultation with Dr. Williams, the hearing officer determined that the provisions of La.R.S. 23:1123 were then applicable.
After reviewing the record, we find that there is ample evidence to support the hearing officer's conclusion regarding the applicability of La.R.S. 23:1123. In order to reach this conclusion, the hearing officer had to determine that the claimant had been examined by a physician chosen by the employer under Section 1121(A), by a physician chosen by the claimant under Section 1121(B), and by a physician chosen by and paid for by the claimant under Section 1121(D). We find no error in this determination and the hearing officer's order to the employer to file for a medical utilization review pursuant to La.R.S. 23:1123.
In her assignment of error number 4, the claimant argues that the hearing officer erred in failing to order the employer to pay the bills and travel expenses associated with treatment by Dr. Williams and Southland Physical Therapy. Because we have found no error in the hearing officer's determination that Dr. Williams was the physician chosen by the claimant under La.R.S. 23:1121(D), we also find that the hearing officer was not in error in finding that the claimant was responsible for charges associated with her consultation of Dr. Williams. Section 1121(D) clearly indicates that the consultation and examination conducted by a physician chosen by a claimant under the section shall be at the claimant's expense.

DATE FROM WHICH BENEFITS ARE DUE
In her assignment of error number 6, the claimant argues that the hearing officer erred in failing to award benefits from July 6, 1992, the date of the accident (with a credit for amounts paid), rather than from July 29, 1992, the date when the employer terminated the benefits. According to La.R.S. 23:1224, no compensation shall be paid for the first week after an injury is received; provided, that in cases where disability from injury continues for 6 weeks or longer after the date of the accident, compensation for the first week shall be paid after the first 6 weeks have elapsed.
In this case, there has been no determination by the hearing officer as to whether the claimant's disability continued for 6 weeks or longer after the date of the accident; therefore, we cannot determine whether benefits for the first week after the accident are owed to the claimant. This matter will be suitable for decision by the hearing officer after the requirements of La.R.S. 23:1123 have been met.

RATE OF WORKERS' COMPENSATION BENEFITS
In the employer's assignment of error number 4 and in the claimant's assignment of error number 6, the parties dispute that $189.72, the weekly rate awarded by the hearing officer, is the correct amount of compensation benefits owed to the claimant.
The rate of compensation owed for an injury producing temporary total disability is 662/3 % of wages during the period of such disability. La.R.S. 23:1221. Within the context of the Workers' Compensation Law, wages means average weekly wage at the time of the accident. La.R.S. 23:1021(10). If the employee is employed on a unit, piecework, commission, or other basis, as is the case herein,[4] his average weekly wage is determined by his gross earnings from the employer for the 26 week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during the 26 week period and multiplied by 4. La.R.S. 23:1021(10)(d).
In order to apply the above calculation, evidence regarding the claimant's rate of pay for the 26 week period preceding July 6, 1992 is required. The record indicates that certain *438 of the employer's payroll records were introduced into evidence at the trial of this matter; however, these records are not in the appellate record. Therefore, we are unable to determine whether the hearing officer erred in setting the weekly rate of compensation pay at $189.72. We will remand this matter to the hearing officer with instructions to direct the parties to submit the proper evidence needed to determine the proper rate of benefits.

COSTS
In her assignments of error numbers 4 and 5, the claimant argues that the hearing officer erred in failing to award Dr. Williams' $400.00 expert fee, the cost of Dr. Williams' deposition, and the cost of the MRI ordered by Dr. Fambrough as part of the claimant's costs.
According to Rule 2119 of the Office of Workers' Compensation, "[c]osts shall include a $30.00 filing fee, and may include expert witness fees, court reporter fees, and costs of depositions and such other costs allowed by law, at the Workers' Compensation Judge's discretion." The November 22, 1993 judgment in this case states that all costs are to be paid by the employer; however, the hearing officer did not make any specific ruling as to which expenses were to be included the in "costs" assessed to the employer. Because this matter is more appropriately handled by the trier of fact, we find that the appropriate procedure is for the claimant to file a rule to show cause with the Office of Worker's Compensation for specific assessment of these fees. See, for example, Arriaga v. Reliance Insurance Company of Illinois, 564 So.2d 832, 838 (La.App. 3d Cir. 1990).

ATTORNEY FEES AND PENALTIES
In her assignment of error number 7, the claimant argues that the hearing officer erred in failing to award attorney fees and penalties against the employer for its failure to authorize payment of the MRI bill and the bills associated with the treatment by Dr. Williams and Southland Physical Therapy.
The hearing officer determined that the claimant was responsible for the expenses associated with Dr. Williams' treatment, which includes the expense of physical therapy. We have affirmed this determination by the hearing officer, and therefore, the claimant is not entitled to attorney fees and penalties for the employer's failure to pay. With regard to whether the employer should be responsible for attorney fees and penalties for the failure to pay the MRI bill, this matter is deferred to the hearing which will be held on the rule to show cause for the assessment of costs.

DECREE
For the reasons stated herein, the judgment of the Office of Workers' Compensation is AFFIRMED in part, and REVERSED in part, as follows.
The judgment is AFFIRMED insofar as it reinstates the claimant's benefits as of July 29, 1992. However, the judgment is REVERSED insofar as it determined that the rate of weekly compensation is $189.72. This case is REMANDED to the Office of Workers' Compensation for a determination of the proper rate of compensation benefits based on the formula provided in La.R.S. 23:1021(10)(d). The hearing officer shall order the parties to submit the proper evidence necessary to make this determination. This case is also REMANDED for a determination as to whether the claimant is entitled to benefits from July 6, 1992 and continuing.
The judgment is AFFIRMED insofar as it orders the employer to file for a medical utilization review in accordance with the provisions of La.R.S. 23:1123. This is to be done within 30 days of the date of this opinion.
It is further ORDERED that the right to file a rule to show cause for the specific assessment of costs of this case is reserved to the claimant.
It is further ORDERED that the matter of attorney fees and penalties associated with the employer's failure to pay the MRI bill is deferred to the hearing on the rule to show cause for the assessment of costs.
FITZSIMMONS, J., concurs in part, and dissents in part and assigns reasons.
*439 FITZSIMMONS, Judge, concurring and dissenting.
I concur in the result.
The trial court was correct in ordering that the defendant employer file for a medical utilization review in accordance with the provisions of La.R.S. 23:1123. The litigants were wrong to proceed with their appeal of the trial court's judgment, prior to this matter being submitted for review. In choosing to appeal the trial court's judgment at this juncture, the litigants have effectively presented us with an incomplete record. There is no opinion in the record regarding this claimant's fitness to return to work. Therefore, this Court cannot determine when the payment of benefits should cease.
After the medical utilization review panel is formed, and an opinion is formulated regarding fitness for work, then a determination can be made regarding cessation of benefits. I have no doubt that after the trial court makes these determinations this matter will be before this Court again. Thus, Counsel have scheduled a dismal view of the future for their clients and our system. Piecemeal litigation has been consistently rebuked by reviewing courts. That rebuke exists for good reason: this type of piecemeal litigation foments repudiation of the legal system and inflames the public's distrust. Proceeding in this fashion inflates the cost of litigation and does not serve the litigants.
The court of appeal should have been called upon to decide the issues in their entirety. We should have been asked to decide whether or not continuing benefits are appropriate, as well as when benefits should stop. Had the parties elected to appeal after the provisions of La.R.S. 23:1123 were met, we could have efficiently served the litigants and the public.
"Expert witnesses are entitled only to reasonable compensation." Mack v. Transport Ins. Co., 577 So.2d 112 (La.App. 1st Cir. 1991). What is "reasonable compensation?" Bordelon v. Vulcan Materials Co., 454 So.2d 168, 177 (La.App. 1st Cir.1984), amended, 472 So.2d 5 (La.1985), states, "[the expert] is entitled to reasonable compensation ... and the fee allowed should be in line with those allowed in similar cases." Cases holding that fees should be "reasonable," are abundant. The problem is that we have no precise formula for the assessment of this "reasonable" fee. The litigants and the district courts are in significant need for such a formula. Accordingly, in order to establish an equitable determination of expert fees, the expert should present a basis in fact as to what his/her time is actually worth. A dollar amount should be set for one hour of the expert's time. This amount will serve as a basis for the costs of a deposition. It may be proven through records, testimony of one or several witnesses, or both. Then, and only then, shall we arrive at a "reasonable" fee for a deposition.
The record reflects that the MRI costs were $947.50. The MRI was ordered by Dr. Fambrough. The trial court relied on the medical findings of Dr. Fambrough to determine whether the employer's termination of benefits was arbitrary. The MRI was a necessary tool in confirming Dr. Fambrough's opinion that there were no objective findings which "would be causing the amount of discomfort to the degree that [the claimant] was having." Therefore, the MRI constituted evidence which was relied upon by the trial court in making its determination on some of the merits. These costs should have been awarded by the trial court. Therefore, since there is ample evidence in the record to award a specific dollar amount for the MRI, we should render judgment on this issue, rather than remand for a rule to show cause. See Westley v. Land & Offshore, 533 So.2d 995 (La.App. 1st Cir.1988). Whether or not penalties are appropriate should be addressed by the trial court.
NOTES
[1] Louisiana Revised Statute 13:3715.1 provides, in pertinent part: "E. The records [provided by a health care provider] shall be accompanied by the certificate of the health care provider or other qualified witness, stating in substance each of the following: (1) That the copy is a true copy of all records described in the subpoena. (2) That the records were prepared by the health care provider in the ordinary course of business of the health care provider at or near the time of the act, condition, or event."
[2] Louisiana Revised Statute 23:1310.1 provides, in pertinent part: "C. The director shall have the authority to adopt reasonable rules and regulations, including the rules of procedure before the hearing officers, according to the procedures established by the Administrative Procedure Act. [La.R.S. 49:950 et seq.] (footnote omitted) All rules and regulations, properly approved and promulgated ... shall be consistent with the Worker's Compensation Law and shall be binding in the administration of that law." (emphasis added)
[3] In her brief to this court, the claimant argues that an attached unpublished case from another appellate court supports her argument that unsworn medical reports may be accepted in the trial of workers' compensation matters. Opinions marked "Not Designated for Publication" shall not be cited, quoted, or referred to by any counsel, or in any argument, brief, or other materials presented to any court, except in continuing or related litigation. Uniform RulesCourts of Appeal, Rule 2-16.3.
[4] The claimant testified that she was paid according to "production work."